*Formatted for Electronic Distribution*                                                                                                          *Not for Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

Filed & Entered
On Docket
10/5/04

In re:

    WAYNE F. BESAW,                                                                                    Chapter 13 Case
          Debtor.                                                                                                # 03-11518

WAYNE F. BESAW and
JAN M. SENSENICH, ESQ., Trustee,
          Plaintiffs,
    v.                                                                                                                   Adversary Proceeding
                                                                                                                 # 04-1029
CIT GROUP/SALES FINANCING, INC.,
          Defendant.

*Appearances:*

    *Richard A. Scholes, Esq.*                                                    *James B. Anderson, Esq.*
    *Montpelier, VT*                                                                      *Ryan Smith & Carbine, Ltd.*
    *For the Debtor/Plaintiff*                                                        *Rutland, VT*
                                                                                                                 *For the Defendant*

    *Jan M. Sensenich, Esq.*
    *While River Junction, VT*
    *Chapter 13 Trustee,* Pro Se

### MEMORANDUM OF DECISION
### DENYING PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING DEFENDANT'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

    The Plaintiffs commenced this adversary proceeding to obtain a determination as to the validity and extent of a lien the Defendant alleges against the Debtor's real property located at 176 Gonyaw Road in Stannard, Vermont (hereinafter, the "Stannard Property"). After filing its Answer denying, *inter alia*, the Plaintiffs' assertion that its mortgage is defective (doc. #7), the Defendant filed a Motion for Judgment on the Pleadings (doc. #14). In response, the Plaintiffs filed an Objection to Defendant's Motion for Judgment on the Pleadings and Plaintiff's Motion for Judgment on the Pleadings (hereinafter, the "Plaintiffs' Cross-Motion")(doc. #16), in which they acknowledge that "this is a matter in which judgment on the pleadings is appropriate." Id. at "Partial Objection" ¶1. Having considered the Defendant's Motion and the Plaintiffs' Cross-Motion, the Court denies the Plaintiffs' Motion for Judgment on the Pleadings and grants the Defendant's Motion for Judgment on the Pleadings.

    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(1) & (2)(K).

# I. THE ISSUE PRESENTED

The issue presented is whether there is a valid acknowledgment of the Defendant's mortgage on the Stannard Property. The Court will first decide whether the mortgage rider is a part of the subject mortgage; if so, it will then determine whether there is a valid acknowledgment that complies with Vermont law. Since the mortgage and rider were acknowledged in New Hampshire, Vermont state law mandates that this Court apply New Hampshire state law in assessing the validity of the subject acknowledgment.

# II. FACTUAL BACKGROUND.

The facts are not in dispute. See Pls.' Cross-Mot. at "Partial Objection" ¶1 (doc. #16). On December 31, 1995, the Debtor and Ms. Besaw signed a two-page real estate mortgage ("the Mortgage") and a one-page mortgage rider ("the Rider") on the Stannard Property. See Compl. at ¶3. Attached to the Mortgage was a description of the Stannard Property labeled "Exhibit A". See Mortgage, attached as Ex. A to Def.'s Mot. J. Plead. (doc. #14). The introductory paragraph of the Rider reads:

> This Rider ("Rider") is attached to and made a part of the above-described Mortgage ("Mortgage"). The provisions of this Rider shall supersede any contrary or conflicting provisions contained in the Mortgage. All defined terms used herein shall have the meanings ascribed to them in the Mortgage.

Id. at p.3. The Debtor and Ms. Besaw's execution of the Mortgage was witnessed by T.S. Bandi. See id. at p.2. The Rider did not disclose the presence or identity of any witnesses. The execution of both the Mortgage and the Rider occurred in New Hampshire. Kevin R. LaFleur, a New Hampshire notary, acknowledged the execution of the signature of both the Debtor's and Ms. Besaw. Notary LaFleur endorsed two certificates of acknowledgment: one at the bottom of the second page of the Mortgage and one at the bottom of the Rider. See Ex. A to Def.'s Mot. J. Plead. (doc. #14). The certificate of acknowledgment on the Mortgage did not indicate who personally appeared before Notary LaFleur; nor did it indicate in what county of New Hampshire it was acknowledged. See id. at p.2. Likewise, the certificate of acknowledgment on the Rider did not identify the county in New Hampshire in which the document was executed. See id. at 3. Conversely, however, it did identify that the Debtor and Ms. Besaw personally appeared in front of Notary LaFleur acknowledging that they executed "the above and foregoing instrument." See id. The Defendant recorded the Mortgage, Rider, and property description in the Stannard, Vermont Land Records; said documents were received for record at 4:30 P.M. on January 22, 1996, and were recorded in Book 13 at pages 224-227 of the Stannard Land Records. See id. at. pp. 1-4. The Debtor filed a bankruptcy petition on October 8, 2003 and listed the Stannard Property as unencumbered. However, the Defendant filed a proof of claim asserting a secured claim against the Stannard Property.

### III. Discussion

*A. Is the Rider a Part of the Mortgage?*

This adversary proceeding presents a new fact scenario for the Court to place on its expanding continuum of mortgage avoidance jurisprudence. It is a variation on the question presented in the Rebello case that the Court decided two years ago. In Rebello the Court granted the creditor's motion for reconsideration and reaffirmed its prior order granting the summary judgment in the debtors' favor where the debtors sought a declaration that the creditor's mortgage was defective. See Rebello v. Peoples Trust Company of St. Albans (In re Rebello), A.P. # 02-1015, Order (Bankr. D. Vt. Sept. 23, 2002). Specifically, the Court held there that

> [t]he mortgage in question was not properly acknowledged as statutorily required under Vermont law. Thus, although it was properly witnessed, the Court must declare it to be defective and invalid. See In re Potter [A.P. No.: 01-1031, slip op. (Bankr. D. Vt. Sept. 21, 2001), aff'd, Mortgage Lenders Network, USA v. Sensenich, No.: 1:01CV335 (D. Vt. Jan. 22, 2002)] at p.5 ("Vermont law is clear that an invalid mortgage is not sufficient to put someone on notice and that a deed or mortgage that is improperly witnessed or acknowledged is deemed invalid . . ."). Moreover, Vermont law requires that a defective mortgage be treated as if it had never been recorded. See id. at p.4 (citation omitted). Likewise, under the law, such a mortgage fails to impart constructive notice to a subsequent purchaser. Therefore, any document recorded after the recording of the mortgage is deemed outside the chain of title. See In re Ryan, 815 F.2d 502, 511 (1st Cir. 1998) (interpreting Vermont law and instructing that any document stemming from the recording of a defective mortgage was an invalid record and, therefore, not within the chain of title from the debtor to the trustee); see also In re Potter at pp. 4-5 (citing In re Ryan with approval). Hence, the fact that the uniform mortgage rider was properly executed, contained curative language,[*] and was recorded five minutes after the mortgage was recorded does not succeed in curing the mortgages's fatal defect.

Rebello v. Peoples Trust Company of St. Albans (In re Rebello), A.P. # 02-1015, Order at pp. 1-2 (Bankr. D. Vt. Aug. 9, 2002) (original order granting summary judgment in the debtors' favor) (footnote added). Applying our mortgage avoidance paradigm to the facts of the present case leads the Court to the opposite conclusion here.

---

[*] In its Order Granting Motion for Reconsideration and Reaffirming Order Granting Cross-Motion for Summary Judgment, the Court clarified that its use of the term 'curative' was merely a recitation of the creditor's characterization of the language used in the uniform mortgage rider. Since the Rebello rider was a document that was filed after the chain of title was broken and that did not specifically address or cure the deficient execution of the invalid mortgage, the Court found its language was not truly curative. Rebello v. Peoples Trust Company of St. Albans (In re Rebello), Ad. Pro. No.: 02-1015, Order (Bankr. D. Vt. Sept. 23, 2002).

First, from the record before it, the Court finds that here the Rider is part of the Mortgage. The Mortgage, Rider, and property description were recorded as one document as evidenced by the Town Clerk's attestation of receipt and recording found at the bottom of both the Mortgage and the Rider. This fact distinguishes the case at bar from Rebello. In Rebello, the uniform mortgage rider was recorded five minutes after the recording of the defective mortgage under a separate book and page entry. In the case at bar, the Mortgage with the property description and the Rider have the same book and page entry because the Town Clerk recorded them as one. Therefore, if an individual were to look at the mortgage, he or she would see both the Mortgage and the Rider together. Thus, the Court further finds the introductory sentence of the Rider, "This Rider ("Rider") is attached to and made a part of the above-described Mortgage ("Mortgage")," has inclusive effect; for chain-of-title purposes, the Rider is indeed a part of the Mortgage, not a separate document. Therefore, the Court examines the four-paged document as one unified document, finding that the Rider is part of the Mortgage and that there are two putative acknowledgments within this single four-page document: one at the bottom of the Mortgage and another one at the bottom of the Rider.

### B. Is the Mortgage Properly Acknowledged?

Since the Mortgage and Rider were executed in New Hampshire, the Court must turn to New Hampshire state law to determine if the acknowledgments in the four-page document are proper. See 27 V.S.A. § 379(a).[1] New Hampshire law instructs, *inter alia*:

> The form of a certificate of acknowledgment used by a person whose authority is recognized under RSA 456-A:1 shall be accepted in this state if:
> I.   The certificate is in a form prescribed by the laws or regulations of this state;
> II.  The certificate is in a form prescribed by the laws or regulations applicable in the place in which the acknowledgment is taken; or
> III. The certificate contains the words "acknowledged before me," or their substantial equivalent.

N.H. Rev. Stat. § 456-A:4. In New Hampshire, there are both a long form of acknowledgment and a short form of acknowledgment. The Defendant relies on the State's short form, see N.H. Rev. Stat. § 456-A:6, that provides examples of various acceptable short forms and that instructs: "The authorization of the forms in this section does not preclude the use of other forms." Id. The Court observes that in each example provided, the form begins with the caption: "State of _____, County of _____". The same is true of the long

---

[1] **§ 379. Acknowledgment out of state**
(A) If deeds and other conveyances, and powers of attorney for the conveyance of lands, the acknowledgment or proof of which is taken out of state, are certified agreeably to the laws of the state, province or kingdom in which such acknowledgment or proof is taken, they shall be as valid as though the same were taken before a proper officer or court in this state. . . .

form. See 42 N.H. Rev. Stat. § 456:8. Another component relevant to the current determination is that a person taking an acknowledgment must certify that the person acknowledging appeared before him or her and that person acknowledged he or she executed the instrument. See N.H. Rev. Stat. § 456-A:3.

### 1. The First Acknowledgment

At the bottom of the second page of the Mortgage, there is an acknowledgment signed by Notary LeFleur. However, comparing this certification with New Hampshire statutory requirements, the Court finds this acknowledgment is fatally flawed, with the fatality being there is no indication of the persons who appeared before Notary LeFleur. Examination of the certification form reveals a blank that has not been filled in where the acknowledging persons' names would be inserted. A notary cannot acknowledge an act of no one. Hence, the Court finds the absence of the parties' names in the acknowledgment constitutes substantial *non*compliance with New Hampshire's statutorily-defined acknowledgment requirements. However, since there was another certificate of acknowledgment within the four-page document, the Court's inquiry does not end here.

### 2. The Second Acknowledgment

The second acknowledgment is found on the bottom of the Rider, the third page of the four-page document. In that certificate, the acknowledging parties – the Debtor and Ms. Besaw – are identified. Thus, there is compliance with New Hampshire's requirement that the Debtor and Ms. Besaw, as the persons who are the subject of the acknowledgment, appeared before and acknowledged to Notary LeFleur their execution of the four-page document.

The Plaintiffs make several arguments that this acknowledgment is (also) defective. They first argue that because Notary LeFleur's certification fails to identify the New Hampshire county within which it was made, this acknowledgment is not in substantial compliance with New Hampshire's acknowledgment act. The Court is not persuaded by this argument. While there is a strong instruction in the statutory examples provided, there is no explicit requirement in New Hampshire's Uniform Recognition of Acknowledgment Act that every certificate of acknowledgment must identify the county within which the certificate was made. Further, this Court has been unable to locate, nor have the Plaintiffs pointed to, any New Hampshire law that mandates the county where an acknowledgment is made be identified in the certificate of acknowledgment. Additionally, the Court notes that the overriding purpose of New Hampshire's Uniform Recognition of Acknowledgment Act is to prevent fraud. See David W. Marcase, *The Absence of Signature Requirement in Mississippi Notary Law: Fraud Waiting to Happen*, 13 Miss.C.L.Rev. 371, 380 (1993). The Court is not persuaded that the absence of the identification of the New Hampshire county in which Notary LeFleur certified taking his acknowledgment reflects any indicia of fraud.

Moreover, the Court is not persuaded by any of the Plaintiffs' other arguments. First, there is no statutory requirement that the certificate of acknowledgment immediately precede a signature block. The Court finds it of no consequence that a valid certificate was found on a separate page from that of the Debtor's and Ms. Besaw's witnessed signatures. See 42 N.H. Rev. Stat. § 456:8. Second, under New Hampshire state law, "acknowledged before me" is a shorthand meaning: (1) the acknowledging person appeared before the person taking the acknowledgment; (2) the acknowledging person executed the instrument; and (3) the person taking the acknowledgment either knew or had satisfactory evidence that the acknowledging person was the person *named in the instrument or certificate*. See N.H. Rev. Stat. § 456-A:5. The Court finds the certificate of acknowledgment on the Rider contains language in substantial compliance with the phrase "acknowledged before me." Therefore, by signing the certificate of acknowledgment of the Debtor and Ms. Besaw, the Court finds that Notary LeFleur was satisfied that the Debtor and Ms. Besaw were the persons they represented themselves to be. Under the facts of the instant case, the Court considers the Mortgage, Rider, and property description as one document and finds the acknowledgment on the Rider to be sufficient to satisfy the statutory requirements for execution of a valid mortgage. The Court has considered all other arguments presented and finds them to be without merit.

### IV. CONCLUSION

Since the Mortgage, the Rider and the property description in this case were recorded simultaneously, the Court finds they constitute one document. The Court further finds that the acknowledgment at the bottom of the Rider is an acknowledgment as to both the Rider and the preceding Mortgage. Moreover, the Court finds that the second certificate of acknowledgment substantially complies with New Hampshire's statutory requirement notwithstanding its lack of identifying the county in which the acknowledgment was made. Therefore, since the acknowledgment complies with New Hampshire state law, it must be considered valid under Vermont law.

Thus, based on the record before it and finding no material facts in dispute, the Court finds it is proper to dispose of this Motion under Rule 12(c). Hence, the Defendant's Motion for Judgment on the Pleadings is granted; the Court grants judgment in favor of the Defendant.

_____
October 5, 2004   Colleen A. Brown
Rutland, Vermont  United States Bankruptcy Judge